IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAIGE OSBORNE, an Individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1122-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MOTION OF THE UNITED STATES OF AMERICA
FOR SUMMARY JUDGMENT**

The United States of America by its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Laura J. Jones, Assistant United States Attorney, moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure to enter a summary judgment against the plaintiff and dismiss this action without prejudice for failure to exhaust her administrative remedies prior to commencement of this action under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b), § 2671-80.

RELEVANT PROCEEDINGS

Plaintiff originally filed a complaint in the Circuit Court for the Third Judicial Circuit in Madison County on July 26, 2019, naming Blake Ferando, DMD, and Macoupin County Public Health Department d/b/a Maple Street Dental Clinic as defendants. (Doc. 1-1). After the United States Attorney by his designee, Nathan E. Wyatt, Chief of the Civil Division of the U.S. Attorney's Office, certified that Dr. Ferando and the Macoupin County Public Health Department d/b/a Maple Street Dental Clinic were "deemed" to be employees of the Public Health Service by virtue of the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(a), (g)-(n), and were acting within the their deemed employment as Public Health Service employees

(*see* Doc. 1-2), the case was removed to this Court pursuant to 42 U.S.C. § 233. (*See* Doc. 1). Upon motion, this Court substituted the United States as the defendant and dismissed Dr. Ferando and the Macoupin County Public Health Department d/b/a Maple Street Clinic with prejudice. (*See* Doc. 11). This act was then deemed a tort action brought against the United States under the FTCA. 42 U.S.C. § 233(c).

GROUNDS FOR DISMISSAL OF COMPLAINT

I. <u>FTCA requires exhaustion prior to suit</u>.

The FTCA expressly waives the sovereign immunity of the United States in tort suits resulting in injury, loss of property, or death "caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (citation and internal quotation marks omitted). Section 2675(a) of the FTCA requires exhaustion of all administrative remedies before filing a suit in District Court. 28 U.S.C. §§ 2401(b), 2675(a); *see Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) ("exhaustion of administrative remedies . . . a prerequisite to suit").

Specifically, the claimant may not bring suit in District Court on a claim until the claim has first been presented to the appropriate federal agency and that claim has either been denied by the agency in writing or the agency fails to adjudicate the claim within six months of its presentment. 28 U.S.C. § 2675(a). The Supreme Court has confirmed that strict compliance with this administrative procedure is required. *McNeil v. United States*, 508 U.S. 106, 112 & n.7 (1993) ("Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court"); *Denton v. United States*, 440 Fed. Appx. 498, 502 (7th Cir. 2011); *see LeGrande v. United States*, 687 F.3d 800, 812-13 (7th Cir. 2012) (as amended).

II.     <u>Plaintiff failed to exhaust her administrative remedies prior to filing suit</u>.

As indicated in the declaration of Meredith Torres, attached as Exhibit A, plaintiff did not exhaust her administrative remedies prior to commencement of this action. Plaintiff filed a tort claim on July 15, 2019, and then filed suit in Circuit Court on July 26, 2019. The tort claim is pending in the agency with no final disposition at this time. *See* Ex. A ¶ 4.

III.    <u>Plaintiff's failure to exhaust must result in dismissal without prejudice</u>.

The Supreme Court and the Seventh Circuit have made clear that the District Court is required to dismiss a complaint with an unexhausted claim. *See McNeil,* 508 U.S. at 113; *Smoke Shop, LLC v. United States*, 761 F.3d 779, 788 (7th Cir. 2014).

In *Smoke Shop*, the Seventh Circuit stated:

> . . . . the FTCA is an exception to the immunity the federal government ordinarily enjoys from tort actions. As such, Congress can make "[m]en ... turn square corners" before haling the government into court—"[i]f [the government] attaches even purely formal conditions to its consent to be sued those conditions must be complied with." *Rock Island, A. & L.R. Co. v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188 (1920) (Holmes, J.); *cf. McNeil,* 508 U.S. at 111–13, 113 S.Ct. 1980 (submitting a claim after initiating FTCA litigation does not fulfill § 2675(a), even if the litigation has not advanced substantially). Congress decided that it wanted agencies to have a chance to settle damages claims before facing litigation. And without being presented with an actual claim for money damages, the DEA and the U.S. Attorney's office were ill-equipped to make a fully informed assessment of Smoke Shop's claim.

*Id*. Therefore, under Supreme Court and Seventh Circuit precedent, the Court must dismiss plaintiff's claim for failing to exhaust her administrative remedies prior to filing suit.

IV.     <u>This Court should not stay the proceedings to allow plaintiff to exhaust</u>.

This Court has already held that a case should not be stayed pending exhaustion. In a case in this district where plaintiff had asked the Court to stay the case, rather than dismiss it, the District Court held as follows:

> Rather than fully concede dismissal, though, [plaintiff] asks the Court to keep this federal case pending until the administrative tort claim is exhausted, and then [plaintiff] can amend the operative complaint in this case to add the United States as a party defendant and add [another party] to this federal suit to get everything merits based disposed of within one case. **The rub is that [plaintiff] hasn't cited a single case where a federal court has effectively stayed a case pending exhaustion of an administrative tort claim, and the request flies in the face of 28 U.S.C. § 2675, which requires exhaustion before suit**. *E.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Denton v. United States*, 440 F. App'x 498, 502 (7th Cir. 2011); *Baritsky v. United States*, 72 F.3d 132 (7th Cir. 1995). Once more, the idea makes little sense—stays of unexhausted cases would clog the Court's docket, and the specter of those cases hanging over the United States' administrative resolution process would suggest to all involved that the statutory efforts employed by the United States to work things out between the parties are to be assumed in the mine run of cases to be fruitless. At the end of the day, **because [plaintiff] didn't exhaust his remedies prior to suing [the doctor], his suit must be dismissed without prejudice. And because [the docator[ is the only defendant in this action, this case must be closed.**
>
> To sum up, . . . [t]he United States' motion for summary judgment on exhaustion grounds (Doc. 6) is also **GRANTED**, and this entire case is **DISMISSED without prejudice** for failure to exhaust under 28 U.S.C. § 2675.

*Szczepanski v. Rathert*, No. 16-cv-554-MJR-PMF, at 3-4 (Sept. 7, 2016) (emphasis added).

As stated in *Szczepanski v. Rathert* and the cases cited therein, this Court is required to dismiss the United States as a party rather than stay proceedings against it. The requirement is not met if the lawsuit is filed simultaneously with the claim (as this case almost was), as the claim would not have yet been finally denied. *See McNeil*, 508 U.S. at 111-113; *see also Old Nat. Trust Company v. United States*, No. 12-cv-197-MJR, 2013 WL 3944432, at *5 (July 31, 2013) ("The law in this Circuit makes clear that exhaustion of administrative remedies must occur (and be completed) *before* suit is filed. The requirement is not met if a claim is filed *during* the pendency of a lawsuit") (emphasis original); *White v. United States*, No. 17-cv-683-JPG-MAB, 2019 WL 3315563, at *2 (July 24, 2019) (White "must bring an entirely new suit" and "[d]ismissal of White's claims against the Marshals Service will accordingly be without prejudice so that he may properly re-file"). This lawsuit is therefore premature and must be dismissed, not stayed.

4

Plaintiff's failure to exhaust her administrative remedies prior to commencement of this FTCA action mandates dismissal. *See McNeil*, 508 U.S. at 113; *Denton,* 440 Fed. Appx. at 502. Under the plain language of 28 U.S.C. § 2675(a) and the case law set forth above, the Court should grant summary judgment in favor of the United States and dismiss plaintiff's claim against the United States without prejudice.

## CONCLUSION

For these reasons, the Court should enter a summary judgment and dismiss plaintiff's claim without prejudice for failure to exhaust the required administrative remedies prior to filing suit.

UNITED STATES OF AMERICA

STEVEN D. WEINHOEFT
United States Attorney

*s/ Laura J. Jones*
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208-1344
Phone:  (618) 628-3700
Fax:  (618) 622-3810
E-mail:  Laura.Jones@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAIGE OSBORNE, an Individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1122-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify the following registered participants:

Daniel C. Katzman:   dkatzman@katzmanlaw.net

*s/ Laura J. Jones*
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208-1344
Phone:  (618) 628-3700
Fax:  (618) 622-3810
E-mail:  Laura.Jones@usdoj.gov